UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SNAP! MOBILE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DYLAN MILLER, an individual,<br><br>Defendant. | Case No. C24-1569RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |

This matter comes before the Court on Plaintiff Snap! Mobile, Inc. ("Snap")'s Motion for Remand. Dkt. #7.

Defendant James Miller is a former Snap employee who now works for a competitor. Snap alleges Mr. Miller used its confidential information to solicit its customers, in violation of confidentiality and non-solicitation agreements. *See* Dkt. #1-1. Snap filed suit against Mr. Miller in King County Superior Court, alleging breach of contract. *Id*. The Complaint does not include allegations as to the amount in controversy.

Mr. Miller removed to this Court on September 30, 2024. Dkt. #1. Snap now moves for remand, attacking the Notice of Removal's amount in controversy statements as conclusory. Dkt. #7 at 2.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 1

In Response, Mr. Miller argues there is complete diversity of citizenship between Plaintiff and Defendant and that "it is clear from Plaintiff's Complaint and past cases that the amount in controversy is more likely than not in excess of $75,000." Dkt. #12 at 1. Mr. Miller submits "summary judgment-type evidence" to show that the amount in controversy exceeds $75,000, urging the Court to find that such has been demonstrated by a preponderance of the evidence. *See id*. at 4. Mr. Miller cites to an earlier case Snap brought against another employee, Daniel Chinea, where it obtained a judgment for $374,088.72, including $252,083.25 in attorneys' fees. *Id*. at 5–6. This Chinea judgment result is included in Snap's demand letter to Mr. Miller, essentially as a threat of the significant financial pain facing Mr. Miller if he does not cease and desist. *See id*. at 6.

On Reply, Snap argues that the Chinea result is "inapposite" for three reasons:

> First, the claims against Chinea were based on his Employment Agreement with Snap, which included a fee-shifting provision that allowed the prevailing party to obtain fees. Snap's claim in this case, by contrast, is based on Defendant's agreement to Snap's Stock Plan, which does not contain a prevailing party fee-shifting clause. Second, the Chinea default judgment was entered as a result of the Defendant's repeated, willful violations of multiple court orders, which required numerous motions that increased the attorneys' fees Snap expended in that case. Third, and relatedly, the lost profits Snap recovered in Chinea were undisputed because of the procedural context, and were only accounted for following roughly 18 months of litigation and discovery into Chinea's misconduct – at the outset of the case there was no way for any party to know what the damages would be for Chinea's contractual violations (which is the case here).

Dkt. #17 at 4. Snap cites to three other cases against former employees where it has sought only equitable relief and did not receive monetary damages. *See id*. at 4–5. Snap cites to four other cases against employees where it obtained less that $75,000. *Id.* at 5.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 2

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

After reviewing the Complaint, briefing, and the remainder of the record, the Court agrees with Snap that remand is proper. Although it is reasonable for the Court to look at the Chinea judgment to inform the amount in controversy, ultimately it is inconclusive for the reasons cited by Snap: Chinea breached a different contract with different substantive and procedural circumstances, including unusual circumstances giving rise to high attorney fees. Snap has adequately demonstrated, with multiple examples, that it can bring a case such as this and obtain less than $75,000. Snap's request for a preliminary injunction here does not inform the amount in controversy. Mr. Miller has failed to establish the $75,000 threshold for diversity jurisdiction, as is his burden. Accordingly, remand is warranted.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff's Motion for Remand (Dkt. #7) is GRANTED.
2. All pending Motions are TERMINATED as moot.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 3

3. This case is hereby REMANDED to the Superior Court of Washington State in and for the County of King.

4. This case is CLOSED.

DATED this 4th day of November, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE